IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,325-03 AND WR-64,325-04






EX PARTE RICHARD RAY MILES, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W94-54687-S(B) AND W94-54688-S(B) IN THE 282ND DISTRICT
COURT FROM DALLAS COUNTY





 Per curiam. Price, J., not participating

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
attempted murder and sentenced to 40 years' imprisonment and 20 years' imprisonment,
respectively. The Fifth Court of Appeals affirmed his convictions. See Miles v. State, Nos. 05-95-01281-CR and 05-95-01280-CR, (Tex. App.-- Dallas 1997, no pet.) (not designated for publication). 
This Court denied habeas relief without written order on the findings of the trial court without a
hearing. See Ex parte Miles, WR-64,325-01 and WR-64,325-02, (Tex. Crim. App. April 4, 2007). 

 In these subsequent applications for writs of habeas corpus, Applicant raises Brady violation,
improper use of gun residue analysis evidence to secure conviction, and actual innocence as his
claims for relief. In its response, the State concedes that the State failed to disclose police reports
which contained exculpatory evidence pre-trial as required under Brady v. Maryland, 373 U.S. 83
(1963). The State's response indicates that the State is currently investigating the merits of
Applicant's remaining claims and that more evidence may be forthcoming. The State urges the
Court to grant relief upon Brady at this time. The trial court adopted the parties' stipulated findings
of fact and conclusions of law recommending that relief be granted. However, fact issues remain
as to whether Applicant has met one of the exceptions to Article 11.07, Section 4. Tex. Code Crim.
Proc. art. 11.07, § 4(a)(c). 

 In his prior applications, Applicant alleged inter alia that the State violated Brady when it
failed to disclose a police report which contained exculpatory information to the defense pre-trial. 
Based on an affidavit filed by the Assistant District Attorney who prosecuted the case, and the
court's own review of the record, the trial court entered findings of fact and conclusion of law
recommending that relief be denied. This Court agreed, and denied habeas relief on the basis of the
trial court's findings of fact. The record does not show whether Applicant's claim concerns the
State's failure to disclose the same police report as Applicant's Brady claim which was litigated in
his previous application. Further, the record does not show whether Applicant could have
discovered the police report before he filed his prior application if he had exercised due diligence. 
We return this record to the trial court so that the remaining fact issues can be resolved and the trial
court may make findings as to the applicability of the Section 4 bar. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has met one of the
exception to Article 11.07, Section 4. Tex. Code Crim. Proc. art. 11.07, § 4(a)(c). Specifically,
the trial court shall make findings of fact as to whether Applicant's claim concerns the State's failure
to disclose the same police report as Applicant's Brady claim which was litigated in his pervious
application. The trial court shall also make findings of fact as to whether Applicant could have
discovered the police report before he filed his prior application if he had exercised due diligence. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The supplement shall also include
copies of all documents which the trial court relied upon in making its findings of fact and
conclusions of law. Any extensions of time shall be obtained from this Court. 



Filed: February 24, 2010

Do not publish